## Community College of Philadelphia v. Faculty Federation of Community College of Philadelphia

Steven K. Ludwig, for plaintiff.
Bruce M. Ludwig, for defendant.

CARRAFIELLO, *J.*, September 8, 2005—Appellant, the Faculty Federation of the Community College of Philadelphia, Local 2026 of the American Federation of Teachers, appeals the July 29, 2005 order of the court of common pleas whereby the Community College of Philadelphia's motion to vacate the award of arbitrators was granted and this matter remanded to arbitration.

## FACTUAL AND PROCEDURAL HISTORY

On February 9, 2001, Community College student Lily Jefferies met with Professor Ghebreisus a/k/a Gabriel Yimesghen at his campus office for a tutoring session. At this meeting there was inappropriate physical contact; Jefferies alleged Yimesghen grabbed her by the back

of the head and proceeded to kiss and grind against her; however, Yimesghen admitted only to "a friendly hug and kiss[ing] her cheek." (See 2/26/01 Yimesghen affidavit.)

Jefferies filed complaints with both appellee's security officers and Simon Brown, who is in charge of investigating reports of sexual harassment at the college, pursuant to appellee's sexual harassment policy. Brown reviewed the complaints, interviews of the parties and the documentation of similar allegations against Yimesghen and, after determining that the unwanted physical contact between Jefferies and Yimesghen amounted to sexual harassment under the appellee's policy, Brown recommended that Yimesghen be dismissed.

Appellee's sexual harassment policy includes the statement, "The college views all forms of sexual harassment and all attempts to commit such acts as a serious offense and will impose disciplinary action including . . . termination." This policy is included in the employee handbook.

Yimesghen was fired on March 1, 2001, and appellants filed a grievance and demand for arbitration on or about March 14, 2001, pursuant to the collective bargaining agreement (CBA) between the parties. The CBA provides appellee with the sole right to discipline its employees; however, employees may not be disciplined without just cause. (CBA, article III, section 1, pp. 2, 15.) Hearings were held before arbitrator Joseph B. Bloom on November 29, 2001, March 16, 2004 and March 31, 2004, and he was expected to render his decision by August 2, 2004. The arbitrator was granted extensions of time until November 9, 2004, in which to render his decision; however, the opinion and award were not transmitted until December 7, 2004.

Going beyond his sole obligation of determining whether there was adequate just cause to dismiss Yimesghen, Arbitrator Bloom determined that: (1) there were inconsistencies in Jefferies' story and that appellee failed to fully investigate those alleged inconsistencies; (2) appellee did not "obtain substantial evidence that [Yimesghen] aggressively kissed Ms. Jefferies and pressed himself in a lewd manner"; and (3) it had not been established that Yimesghen behaved similarly in the past. Based on these findings, Arbitrator Bloom found "there was no basis to discharge [Yimesghen] from his position with CCP on grounds of sexual harassment" and directed that Yimesghen be returned to his part-time position with full seniority and back pay.

Appellees filed a timely motion to vacate and, after consideration of appellants' response thereto, and upon finding the arbitrator exceeded the authority granted to him under the CBA, this court granted said motion and remanded back to arbitration for a determination as to "just cause." Appellant filed this timely appeal.

## LEGAL DISCUSSION

In reviewing an arbitration award, the court shall employ "the essence test," a two-prong test whereby the reviewing court must first determine whether the issue as defined is within the terms of the CBA and, second, the court must determine whether the arbitrator's award was rationally derived from the CBA. *State System of Higher Education (Cheyney University) v. State College University Professional Association,* 560 Pa. 135, 743 A.2d 405 (1999).

Because appellee, under the terms of the CBA, retains the sole right to discipline or discharge its employees,

the grievance stemming from Yimesghen's discharge was defined within the terms of the CBA and therefore properly before the arbitrator on the issue of "just cause" only. However, after consideration of the arbitrator's award and opinion, the briefs, exhibits and testimony below, this court found the arbitrator failed to make a rational, discrete and comprehensible finding as to "just cause" even though the parties, at arbitration, agreed that the only issue to be determined was, "did the employer have just cause to discharge the grievant, if not, what shall a remedy be." (Arbitration N.O.T., p. 4.)

Where an arbitrator's decision, whether affirming an employer's discharge or concluding there was no just cause for disciplinary action, is without foundation in, or fails to logically flow from, the CBA, it must be vacated. *Cheyney University,* 560 Pa. at 150, 743 A.2d at 415. An arbitrator must not give the CBA a meaning other than what was expressed by the parties if the language in their agreement is clear and unambiguous. An arbitrator violates his obligation to the parties if he substitutes his own opinion for what has been agreed to by the parties in the contract.

Rather than making a determination solely on whether appellee had just cause to fire its employee, the arbitrator made unnecessary determinations based on Jefferies testimony and offered his opinion that "because the CCP did not throughly [sic] pursue those inconsistencies, it did not conduct a fair and objective investigation." (Opinion and award p. 27.) The arbitrator continued on to find that because "the college did not obtain substantial evidence that [Yimesghen] aggressively kissed Ms. Jefferies and pressed himself in a lewd manner . . . there was no basis to discharge him from his position." (Opinion and award p. 27.)

The arbitrator's cursory conclusion is inconsistent with the facts and does not rationally derive itself from the CBA. There is no requirement under appellee's sexual harassment policy that the unwanted sexual behavior must be "aggressive" or "lewd." The policy explicitly states that unnecessary touching, hugging or brushing against a person's body are examples of behavior that may be considered sexual harassment and that "[t]he college views all forms of sexual harassment . . . as a serious offense and will impose disciplinary action including . . . termination." (Sexual harassment policy pp. 42-43.) Yimesghen's own admission to touching and kissing Jefferies was adequate for a finding of sexual harassment under appellee's policy and the arbitrator's contrary finding is unjustifiable.

It must be noted that even a "friendly" hug and kiss between a professor and student (or any persons) are utterly unacceptable when the recipient has not invited such physical contact. We cannot disregard that the status of a teacher is one of superiority and power and it leaves the less-empowered student inadequate protection against such uninvited advances. To accept the arbitrator's rationale would be to undo the great strides we have made in protecting those vulnerable to the sexual harassment and predation from those of more power or greater status.

The arbitrator may have believed Yimesghen's testimony that hugging and kissing a student is "common to his ethnic heritage," but under appellee's policies, it is sexual harassment. At the arbitration it was established that Yimesghen had been warned that such behavior was unacceptable after he had allegedly conducted himself in a similar manner towards one female student and even,

admittedly, had sexual relations with another. (Arbitration N.O.T., pp. 229, 235.) Yimesghen was on notice that touching of a sexual nature was not condoned and it should have come of no surprise that appellee would not tolerate further deviations from school policy.

The arbitrator failed to fulfill his duties as mandated by the CBA when he failed to make a clear decision as to whether "just cause" existed to fire Yimesghen. The arbitrator was not to reassess the facts of the incident and make his own assessment as to whether sexual harassment had occurred; he was only to determine whether appellee had presented proper evidence to justify firing Yimesghen.

Because the arbitrator failed to make a proper finding and because his decision did not draw its essence from the CBA, this court remanded the matter back to arbitration for a determination as to the element of "just cause." For the reasons set forth, this court's order of July 29, 2005, should be affirmed.